MODESTO LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3971.    Decided November 23, 1926.

*J. M. Walthall, Esq.,* for the petitioner.
*George E. Adams, Esq.,* for the respondent.

This proceeding is for the redetermination of a deficiency of $1,632.74 in income and profits taxes for 1920. The question involved is whether certain expenditures were ordinary and necessary expenses or additions to capital.

The petitioner is a California corporation located at Modesto, Calif.

Due to the increase of business during 1917, 1918 and 1919, the petitioner found it necessary to enlarge its office building. This was done by moving out the exterior walls four or five feet, both as to length and width. At the same time new flooring was put in, new partitions were installed in place of old ones, and additional partitions were added; new counters and office equipment were installed, windows and doors were changed, new wooden sills, joists and footings were substituted for old, and general repairs made where needed. The alteration and remodeling resulted in a 10 per cent increase in office space and in a more convenient and efficient operation. During the remodeling and repairing the petitioner continued to occupy the building.

The office building was located on property leased on a 30-day basis from the Southern Pacific Railroad Co. It was erected in 1910 at a cost of approximately $3,000. It had been repaired and added to prior to 1920. The building is 40 feet by 50 feet, and is of frame construction. After the altering and remodeling, the petitioner had one additional private office and additional rooms for stenographers and clerks.

The planing mill was located about a block from the office. The building was of frame construction, 90 feet by 105 feet, and had been acquired some twenty years previous at a cost of approximately $5,000. The building had been used constantly and was in need of some repairs in 1920. Leaks in the roof were repaired, and in certain sections the old roof was torn off and replaced with new shingles. About one-third of the roof was replaced and leaks were repaired. New trusses and rafters were added as well as sheathing and gables. The roof was not a continuous surface but was a series of roofs with gables. In the interior of the mill partitions were torn out and braces substituted. The alterations made were to secure additional floor space.

On its return for 1920 the petitioner took as a deduction for repairs $6,954.78. The Commissioner allowed a portion of this amount but disallowed $2,770.87 as repairs to the office and $712.92 as repairs to the mill, upon the ground that these amounts represented capital expenditures.

OPINION.

MORRIS: There is no question in our minds but that some of the expenditures made by the petitioner in the taxable year and disallowed as deductions by the Commissioner were for ordinary and

necessary repairs, the cost of which is deductible. *Appeal of Illinois Merchants Trust Co.*, 4 B. T. A. 103. On the other hand, certain of the expenditures were for replacements, alterations and improvements, which are additions to capital investment the cost of which should not be applied against current earnings. *Appeal of Blanche Burbank*, 3 B. T. A. 1118. See also *Appeal of Simmons & Hammond Mfg. Co.*, 1 B. T. A. 803. In the absence, however, of any segregation in the record of the costs disallowed by the Commissioner, we are unable to determine what amounts are deductible and what amounts should be added to capital investment. The determination of the Commissioner is therefore approved.

*Judgment will be entered for the Commissioner.*